Filed 10/27/25  P. v. Lynch CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>DAMON JAMAL LYNCH, JR.,<br><br>        Defendant and Appellant. | C101785<br><br>(Super. Ct. No. 23FE014052) |

Appointed counsel for Damon Jamal Lynch, Jr., asks this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Our review of the record discloses errors in the abstract of judgment.  We therefore direct the trial court to prepare a corrected abstract of judgment.  Finding no arguable error that would affect the disposition, we affirm the judgment.

1

BACKGROUND

T.T. met Lynch in December 2021. T.T. was living in a tent on the street and occasionally made money as a sex worker. Lynch asked T.T. if she wanted to make some money. Despite having a "bad feeling," T.T. got into Lynch's car. They drove to a different location and had sex. Afterward, Lynch refused to pay and drove T.T. back to her tent.

Several months later, Lynch approached T.T. in his car and asked her to perform oral sex on him. Hoping she would get paid this time, T.T. got into the car. While in the car, Lynch grabbed T.T.'s arm, scaring her; she called 911. T.T. got out of the car and ran back to her tent. When T.T. saw Lynch again several weeks later, she was frustrated and angry with him because he would not leave her alone, so she threw a rock at his car.

On May 26, 2023, around 10:00 p.m., T.T. was laying down in her tent with a companion when Lynch approached her, wielding a machete. Lynch raised the machete and demanded that she perform oral sex on him. He threatened to stab her if she refused. Lynch slashed at her tent with the machete, slicing it open. Lynch left when the police were called.

T.T. saw Lynch again on September 1, 2023. This time, Lynch remained in his car. He raised a machete at T.T. and threatened to stab her if she did not perform oral sex on him. Lynch told T.T. that he would follow her everywhere and eventually kill her. T.T. attempted to flee on her bicycle but could not get away fast enough, so she abandoned her bicycle along with the two backpacks she was carrying and ran.

Police later stopped Lynch and searched his car. They found a machete and T.T.'s backpacks.

The People's amended information charged Lynch with two counts of making criminal threats (Pen. Code, § 422; counts one and two) and one count of stalking

2

(§ 646.9, subd. (a); count three).[1]  The People further alleged that Lynch personally used a deadly weapon when making the criminal threats.  (§ 12022, subd. (b)(1).)

The jury found Lynch guilty on both counts of making criminal threats and found true the weapon use allegations.  The jury could not reach a verdict on the stalking charge.  The trial court dismissed the stalking charge on the People's motion.

Prior to sentencing, the probation department recommended that Lynch be sentenced to an aggregate term of four years in state prison.  It also recommended that Lynch be ordered to pay a $1,200 restitution fine (§ 1202.4), an $80 court operations assessment (§ 1465.8), and a $60 court facility fee (Gov. Code, § 70373).

On July 19, 2024, the trial court sentenced Lynch to an aggregate term of three years in state prison, consisting of the middle term of two years on count one plus one year for the weapon use enhancement.  The court imposed a concurrent two-year term on count two and dismissed the related weapon use enhancement pursuant to section 1385.  It "impose[d] mandatory fees and fines and restitution."

Lynch filed a timely notice of appeal.

DISCUSSION

Lynch's appointed counsel filed a brief asking this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.)  Lynch was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed.  We have not received any communication from him.

At sentencing, the trial court "impose[d] mandatory fees and fines and restitution." Mandatory fines and fees include an $80 court operations assessment (§ 1465.8) and a $60 court facility fee (Gov. Code, § 70373), consisting of two $40 court operations

---

[1]  Undesignated statutory references are to the Penal Code.

assessments and two $30 court facility fees—one for each conviction, as noted in the probation report. The abstract of judgment, however, lists only one $40 court operations assessment and one $30 court facility fee. "Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls." (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385.) The abstract of judgment must therefore be corrected to reflect the orally imposed judgment.

Having undertaken an examination of the record, we find no arguable error the correction of which would result in a disposition more favorable to Lynch.

## DISPOSITION

The judgment is affirmed. The trial court is directed to prepare a corrected abstract of judgment reflecting the judgment orally imposed and to send a certified copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.


_____/s/_____
FEINBERG, J.


We concur:


_____/s/_____
EARL, P. J.


_____/s/_____
RENNER, J.

4